

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (413) 785-0235*
*Facsimile:        (413) 785-0394*

*Federal Building and Courthouse*
*1550 Main Street, Room 310*
*Springfield, Massachusetts 01103*

May 21, 2004

Atty. Elaine M. Pourinski
13 Old South Street
Northampton, MA 01060

    Re:   <u>U.S. v. Mario Espino, Criminal No. 04-30020-MAP.</u>

Dear Ms. Pourinski:

    This office received Mr. Espino's notice of non-waiver of the automatic discovery provisions of the Local Rules on May 7, 2004. Accordingly, the United States provides you with the following automatic discovery pursuant to Local Rule 116.1.

    **A.**   **Discovery Pursuant to Fed. R. Crim. P. 16(a)(1)(A)-(D)**

        **1.**   **Statements of the Defendant**

    Mr. Espino made a statement to law enforcement agents upon his arrest. A redacted copy of the 4 page DEA report, prepared by SA Robert Olsen, dated April 22, 2004, is enclosed for your review. Also enclosed is a copy of Exhibit N26, the waiver form signed by your client at the time of his arrest.

        **2.**   **Defendant's Prior Record**

    Mr. Espino does not have a prior criminal history of which the government is aware.

        **3.**   **Documents and Tangible Objects**

    All documents and tangible items that the defendants is entitled to inspect and copy or photograph pursuant to Fed. R. Crim. P. 16(a)(1)(E) are available to you by appointment with the U.S. Attorney's Office, including the narcotics seized from Mr.

Espino on March 7, 2003, on March 26, 2003, and May 13, 2003.

I have enclosed for your review the following documents:

a. a DEA 7 report pertaining to the laboratory analysis of Exhibit 2, which was seized from your client on March 7, 2003;

b. a DEA 7a form listing Exhibits N-4 and N-5, which are audio and video recordings of the narcotics transaction involving your client on March 7, 2003;

c. a DEA 7 report pertaining to the laboratory analysis of Exhibit 3, which was seized from your client on March 26, 2003;

d. a DEA 7a form listing Exhibits N-10 and N-11, which are audio and video recordings of the narcotics transaction involving your client on March 26, 2003;

e. a DEA 7 report pertaining to the laboratory analysis of Exhibit 5, which was seized from your client on May 13, 2003;

f. a DEA 7a form listing Exhibit N-19 which is a video recording of the narcotics transaction involving your client on May 13, 2003;

g. a DEA 7a form listing Exhibits N26 and N27, which pertain to the statement provided by your client at the time of his arrest;

h. DEA 6a forms dated 3/7/03, 3/26/03, and 4/30/03, listing the money used to purchase Exhibits 2, 3, and 5, from your client on March 7, 2003, March 26, 2003, and May 13, 2003, along with photocopies of the money;

### 4. Reports of Examinations and Tests

As is noted above, copies of the DEA drug laboratory's analyses of the heroin purchased from your client on March 7, 2003, on March 26, 2003, and May 13, 2003, are enclosed.

## B. Search Materials

### 1. Search Warrant Applications, Affidavits, and Returns

None.

    2. **Written Description of Consent Searches and Inventory**

None.

C. **Electronic Surveillance**

    1. **Written Description of Any Intercept**

None.

    2. **Statement Whether or Not the Government intends to Offer Intercepts in its Case-in-Chief**

N/A

    3. **Title III Applications, Affidavits, and Court Orders**

None.

D. **Consensual Intercepts**

    1. **Written Description of Any Intercept**

Each of the narcotics transactions that took place on March 7, 2003, on March 26, 2003, and May 13, 2003, involving Mr. Espino were audio and video recorded, in part or in total. Copies of the audio and video recordings of those transactions will be forwarded to you under separate cover.

E. **Known Unindicted Co-conspirators**

The government declines to identify any co-conspirators at the present time on the grounds that identification of any such persons might jeopardize on-going criminal investigations. In accordance with Local Rule 116.6, I am filing a copy of this letter (without the attachments) with the Clerk's Office.

F. **Identifications**

    1. **Written Statement Whether or Not Used for Any Witness**

Mr. Espino was identified by Trp. Henot Rivera of the Massachusetts State Police on March 7, 2003, after he viewed a photograph of Mr. Espino at the Registry of Motor Vehicles (RMV), and again on March 19, 2003, after viewing a photograph array containing Mr. Espino's picture.

2. **Evidence Reflecting Identification Procedure**

    Enclosed please find a 3 page DEA 6 report prepared by TFA Kevin Thomas and dated 3/10/03, and a 3 page report prepared by Trooper Henot Rivera and dated March 7, 2003, describing the March 7th identification at the RMV, and a DEA 6 report prepared by TFA Thomas on April 22, 2003, describing the March 19th identification. In addition, please also find enclosed a DEA 7a report for Exhibit N-8, the photograph array viewed by Trp. Rivera, along with a copy of Exhibit N-8, which is a copy of the array itself.

G. **Exculpatory Information**

    None.

    Please call me if you have any questions.

                            Very truly yours,

                            MICHAEL J. SULLIVAN
                            United States Attorney

By: _____
     Thomas J. O'Connor, Jr.
     Assistant U.S. Attorney

Encs.