ELAINE POURINSKI
ATTORNEY AT LAW
13 OLD SOUTH STREET
NORTHAMPTON, MA 01060

TEL. (413) 587-9807 • FAX (413) 586-6619

FILED
CLERK'S ...

U.S. DISTRICT COURT
DISTRICT OF M...

June 24, 2004

Thomas O'Connor
Assistant United States Attorney
Federal Bldg. & Courthouse
1550 Main Street
Springfield, Ma. 01103

Re: *U.S. v. Mario Espino*
    Case No. 04-30020-MAP

Dear Attorney O'Connor:

Pursuant to Fed. R. Crim. P. 12(d)(2), 16(a), and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), and all other applicable rules and statutes, I am writing to request discovery in the above-captioned case.

I request discovery as follows:

(1) <u>The Defendant's Statements</u> Under Fed. R. Crim. P. 16(a)(1)(A), the defendant is entitled to disclosure of all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant that the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements that are contained in the handwritten notes of any government agent; any response to any *Miranda* warnings that may have been given to the defendant (see *U.S. McElroy*, 697 F.3d 459 2d. Cir. 982); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A).

(2) <u>Arrest Reports, Notes and Dispatch Tapes</u> The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, be turned over. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. More specifically, Agent Lewis wrote a report regarding conversations that he had with the defendant. It is my understanding that he spoke with the defendant on at least two occasions and that he took notes during those conversations. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963).

Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn

statements, and prosecution reports about the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I). Preservation of rough notes is specifically requested, whether or not the government deems them discoverable at this time.

(3) <u>Brady Material</u>  The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.

(4) <u>Reports of Scientific Tests or Examinations</u>  Pursuant to Fed. R. Crim. P. 16(a)(1)(D), defendant requests the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to any drug analysis, that is within the possession, custody, or control of the government, the existence of which is known, or by exercise of due diligence may become known, to the attorney for the government, which are material to the preparation of the defense or which are intended for use by the government as evidence-in-chief at trial;

(5) <u>Information Regarding Informants and Cooperating Witnesses</u>  The defendant requests that the government provide all relevant information concerning any informants or cooperating witnesses involved in this case. At a minimum, the government is obligated to disclose the identification and location of any informants or cooperating witnesses, as well as the identity and location of any other percipient witness unknown to the defendant. *Roviaro v. U.S.*, 353 U.S. 53 (1957).

(7) <u>Promises made or deals with government witnesses</u>  Under *Giglio v. United States*, 405 U.S. 150 (1972) the government must provide all promises of consideration given to witnesses. This request includes cooperation agreement with witnesses who are not called as government witnesses. See *United States v. Kojayan*, 8 F. 3d 1315 (9th Cir. 1993)

(8) <u>Grand Jury transcripts</u>  All grand jury transcripts are requested.

(9) <u>Identification Information</u>  It is requested that the United States state whether the defendant was identified in any lineup, showup, photo spread or similar identification procedure, and produce any pictures utilized or resulting from such procedure and the names of any identifying witnesses and witnesses who attempted to make an identification but were unable to do so.

(10) <u>Statement of government of refusal to provide</u>  The government is requested to advise if it has any of the above-requested items or other items/documents regarding this case but refuses to provide them to the defense.

Thank you for your assistance in this matter.

Sincerely Yours,

*Elaine Pourinski*
Elaine Pourinski