UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Crim. No. 04-30020-MAP |
| | ) |
| MARIO ESPINO, | ) |
| | ) |
| Defendant. | ) |

### INTERIM STATUS CONFERENCE REPORT

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Elaine Pourinski, Esq., counsel for Mario Espino, hereby submit the following interim status report pursuant to Magistrate Judge Neiman's written order.

1. The parties agree at this time that this case does not require relief from the timing requirements imposed by Local Rule 116.3.

2. The defendant has requested discovery concerning expert witnesses under Fed.R.Crim.P. 16(a)(1)(E). The government has requested reciprocal discovery pursuant to Fed.R.Crim.P. 16(B)(1)(C). The government also has requested notice of whether the defendant intends to rely upon an alibi defense (pursuant to Fed. R. Crim. P. 12.1), an insanity defense (pursuant to Fed. R. Crim. P. 12.2), and/or a defense of public authority (pursuant to Fed. R. Crim. P. 12.3). Accordingly, the parties agree that it is appropriate for the Court to establish dates for response by

the parties.

    3.   The parties anticipate that no additional discovery will be provided by the government as a result of the future receipt of information, documents, or reports of examinations or tests. The government has declined, pursuant to L.R. 116.6, to provide information about any unindicted co-conspirators. A copy of the government's letter to defendant's counsel setting forth that declination has been filed with the court.

    3a.  On June 25, 2004, the government received a discovery request letter from the defendant. The government responded on July 1, 2004, and filed a copy of its response with the court. On July 15, 2004, the defendant submitted a revised discovery request letter, to which the government will respond by July 29, 2004, in accordance with the timing requirements of the Local Rules.

    4.   The parties agree that it would be premature to establish a schedule under Fed. R. Crim. P. 12(c) for the filing and disposition of pretrial motions at the present time.

    5.   The parties agree that the following periods of time are excludable from the Speedy Trial Act:

        a.   the period of time from June 25, 2004, the date on which the government received the defendant's discovery letter (which was dated June 24, 2004), through July 1, 2004, the date on which the government filed its response, pursuant to L.R. 112.2(A)(3) and 18 U.S.C. § 3161(h)(8)(A), on the grounds that the exclusion of time is in the interests of justice; and

     b.      the period of time from July 15, 2004, the date on which the government received the defendant's revised discovery letter (which was dated July 14, 2004), through July 29, 2004, or such date as the government files its response, not to exceed fourteen days from July 15, 2004, pursuant to pursuant to L.R. 112.2(A)(3) and 18 U.S.C. § 3161(h)(8)(A), on the grounds that the exclusion of time is in the interests of justice.

The parties agree that a total of sixteen days will have elapsed under the Speedy Trial Act as of the time of the Interim Status Conference on July 21, 2004, and request that the Court issue an order indicating that the time periods described in the subparagraphs above are excludable pursuant to the Local Rules and 18 U.S.C. § 3161.

6.    The parties have not discussed the possibility of resolving this case with a plea and anticipate that a trial will require approximately four trial days.

7.    The scheduling of a final status conference would be premature at the present time. The government requests that an Interim Status Conference be established. As grounds for this request, the government states that it expects to seek a superseding indictment to include <u>Blakely</u> allegations.

                                                 Respectfully submitted,

                                                 MICHAEL J. SULLIVAN
                                                 United States Attorney

By: _____
                                         Thomas J. O'Connor, Jr.
                                         Assistant U.S. Attorney

                                        Elaine Pourinski, Esq.
                                        Counsel for Mario Espino

Dated: July 21, 2004