

U.S. Department of Justice

Michael J. Sullivan
United States Attorney
District of Massachusetts

---

*Main Reception: (413) 785-0235*
*Facsimile:      (413) 785-0394*

*Federal Building and Courthouse*
*1550 Main Street, Room 310*
*Springfield, Massachusetts 01103*

August 3, 2004

Atty. Elaine M. Pourinski
13 Old South Street
Northampton, MA 01060

    Re:  U.S. v. Mario Espino, Criminal No. 04-30020-MAP.

Dear Ms. Pourinski:

    I am writing in response to your discovery request letter of July 14, 2004. As you are aware, the government previously declined to comply with your discovery request letter of June 24, 2004, on the grounds that it requested information discoverable in automatic discovery, in violation of Local Rule 116.3(D). Your current discovery request letter also seeks discovery of material discoverable under Local Rule 116.1, and for that reason, the government renews its objection and its declination to produce the requested materials, pursuant to Local Rule 116.3(D). Without waving its objection to your request, the government states the following:

    Request (1): The government has produced copies of the audio and video tape recordings of your client pertaining to the sale and purchase of the narcotics alleged in the Indictment in accordance with the Federal Rules of Criminal Procedure and the Local Rules. The government also has produced a copy of the report summarizing the statements made by your client at the time of his arrest in response to questioning by individuals he knew to be government agents as is required. The other materials that you requested in the first paragraph of the first request of your letter are not discoverable at present, and the government, therefore, declines to produce any such items at this time. Similarly, the government declines to produce the materials requested in the second paragraph of the first request of your letter. The government does not agree that the items listed are discoverable under Fed. R. Crim. P. 16(a)(1)(B) or 26.2. The government has produced any materials discoverable under Fed. R.

Crim. P. 16(a)(1)(B). The government is not familiar with Fed. R. Crim. P. 12(I). The government is aware of the notes preservation requirements of Local Rule 116.9.

Request (2): The government has produced any materials required to be produced under Brady in automatic discovery.

Request (3): The government has produced any materials discoverable under Fed. R. Crim. P. 16(a)(1)(D) in automatic discovery and/or in supplemental discovery.

Request (4): The information pertaining to informants and cooperating witnesses requested in the fourth request of your letter is not discoverable under the Federal Rules of Criminal Procedure or the Local Rules. Nor is it discoverable under Rovario, which, in essence, pertains to the disclosure of the identity of any informant or cooperating witness who is a percipient witness to the crimes alleged in the Indictment -- a situation that does not exist here. The government will identify its witnesses in accordance with the timing requirements of the Local Rules. The government has declined to produce the names of any co-conspirators pursuant to Local Rule 116.6.

Request (5): The government will produce any required Giglio disclosures in accordance with the timing requirements of the Local Rules. The government disputes your contention that cooperation agreements reached with non-witnesses are discoverable under United States v. Kojayan. In Kojayan, the court held that the existence of a cooperation agreement with a co-conspirator, who also was an important percipient witness, was discoverable because it was material to the defendant's request for a missing witness instruction. Such is not the case here. Accordingly, the government declines to produce any such agreements on the grounds that they are not discoverable under the present circumstances.

Request (6): The information sought in the sixth request in your letter is not discoverable at the present time. Nevertheless, the government has enclosed a copy of the grand jury testimony of Special Agent Robert Olsen. No other witnesses testified before the grand jury in this matter.

Request (7): The government has produced the identification information and materials that it is required to produce under Local Rules 116.1(C)(1)(f) and (C)(2), and 116.2(A) and (B). Two cooperating witnesses who were shown photo arrays containing your client's photograph failed to identify your client. The government has no reason to believe that either of those two

witnesses knew your client or that either of them was a percipient witness to any of the offenses alleged in the Indictment. Accordingly, the government does not believe that any information about those identifications is discoverable under Fed. R. Crim. P. 16, or Local Rules 116.1 or 116.2. To the extent that such information is discoverable, the government declines to produce that information pursuant to Local Rule 116.6.

Request (8): The government relies on the explanations above for its refusals to disclose and declinations to disclose contained in its individual responses to the specific requests contained in your letter.

In addition to the responses contained above, and without waiving any of its objections, refusals, or declinations to disclose any information, the government has enclosed for your review the following reports, which the government nevertheless maintains are not presently discoverable:

1. 3 page DEA-6 report, dated 2/21/2003, by TFA Thomas pertaining to narcotics purchase on 2/21/2003;

2. 1 page DEA-7a report, dated 2/21/2003, by TFA Thomas pertaining to Exhibits N-1 and N-2;

3. 1 page DEA-7 report, dated 2/21/2003, by TFA Thomas pertaining to Exhibit 1;

4. 2 page DEA-6 report, dated 2/25/2003, by TFA Thomas pertaining to debriefing of "CS";

5. 3 page DEA-6 report, dated 3/10/2003, by TFA Thomas pertaining to purchase of narcotics on March 7, 2003;

6. 2 page DEA-6 report, dated 5/1/2003, by TFA Thomas pertaining to purchase of narcotics on March 7, 2003;

7. 3 page report of Trp. Henot Rivera pertaining to purchase of narcotics on March 7, 2003;

8. 1 page DEA-7a report, dated 3/7/2003, by TFA Thomas pertaining to Exhibit N-3, N-4 and N-5;

9. 1 page DEA-7 report, dated 3/7/2003, by TFA Thomas pertaining to Exhibit 2;

10. 1 page DEA-7a report, dated 3/21/2003, by TFA Thomas

   pertaining to Exhibits N-7 and N-8;

11. 2 page DEA-6 report, dated 3/31/2003, by TFA Thomas pertaining to purchase of narcotics on 3/26/2003;

12. 2 page DEA-6 report, dated 5/1/2003, by TFA Thomas pertaining to purchase of narcotics on 3/26/2003;

13. 3 page report of Trp. Henot Rivera pertaining to purchase of narcotics on March 26, 2003;

14. 1 page DEA-7a report, dated 3/31/2003, by TFA Thomas pertaining to Exhibits N/9, N-10 and N-11;

15. 1 page DEA-7 report, dated 3/27/2003, by TFA Thomas pertaining to Exhibit 3;

16. 3 page DEA-6 report, dated 4/10/2003, by TFA Thomas pertaining to narcotics purchase on 4/9/2003;

17. 2 page DEA-6 report, dated 5/1/2003, by TFA Thomas pertaining to narcotics purchase on 4/9/2003;

18. 3 page report of Trp. Henot Rivera pertaining to purchase of narcotics on April 9, 2003;

19. 1 page DEA-7a report, dated 4/10/2003, by TFA Thomas pertaining to Exhibits N-12, N-13 and N-14;

20. 1 page DEA-7 report, dated 4/10/2003, by TFA Thomas pertaining to Exhibit 4;

21. 3 page DEA-6 report, dated 4/22/2003, by TFA Thomas pertaining to identification of "Bladi";

22. 1 page DEA-6 report, dated 5/7/2003, by TFA Thomas pertaining to surveillance of Espino;

23. 4 page DEA-6 report, dated 5/15/03, by SA Olsen pertaining to narcotics purchase on 5/13/2003;

24. 2 page report, dated 8/25/2003, by TFA Thomas pertaining to narcotics purchase on 5/13/2003;

25. 4 page report of Trp. Henot Rivera pertaining to purchase of narcotics on May 13, 2003;

26. 2 page DEA-6report, dated 5/14/2003, by TFA Thomas

4

pertaining to purchase of narcotics on 5/13/2003;

27. 1 page DEA-7a report, dated 5/13/2003, by TFA Thomas pertaining to Exhibits N-18 and N-19;

28. 1 page DEA-7 report, dated 5/13/2003, by TFA Thomas pertaining to Exhibit 5;

29. 1 page DEA-7a report, dated 4/22/2004, by SA Olsen pertaining to Exhibits N-26 and N-27; and

30. 1 page DEA-7 report, dated 4/21/2004, by SA Wales pertaining to Exhibit 7.

Please also be advised that relevant pen register information is available for your review by appointment with the U.S. Attorney's Office.

In the event that you wish to view or listen to any of the audio or video tapes that have not already been provided to you (you received copies of Exhibits N-4, N-5, N-10, N-11 and N-19, which pertain to the specific narcotics transactions in which the Indictment alleges your client participated), please contact me to discuss the matter. As always, please feel free to contact me at (413) 785-0395, if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: Thomas J. O'Connor, Jr.
Assistant U.S. Attorney

Encs.

cc (w/out encs.) Clerk, U.S. District Court

5