UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                       )<br>)<br>)<br>MARIO ESPINO,            )<br>)<br>    Defendant.           ) | Crim. No. 04-30020-MAP<br><br>**FILED EX PARTE<br>AND UNDER SEAL** |

**GOVERNMENT'S *EX PARTE* RESPONSE TO DEFENDANT'S MOTION
TO COMPEL DISCLOSURE OF UNINDICTED CO-CONSPIRATORS
AND ANY OTHER UNNAMED COOPERATING WITNESSES**

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully submits the following opposition to the defendant's motion to compel disclosure of unindicted co-conspirators and any other unnamed cooperating witnesses. Briefly, the defendant's motion should be denied because the evidence sought is not discoverable under the Federal Rules of Evidence or under the Local Rules, nor is it relevant, material or exculpatory. Furthermore, the disclosure of the information sought by the defendant may unnecessarily jeopardize the safety of government cooperators. Accordingly, as discussed in more detail below, the government has properly declined to produce the information sought by the defendant in his motion. The defendant's motion, therefore, should be denied.

**BACKGROUND**

The investigation that led to the present Indictment against the defendant, Mario Espino, was initiated by the DEA ███████ ███████ The information that led to the initiation of the investigation came from a cooperating witness, ███████, ███████████████████████████████████████████

The purpose of the investigation at first was to infiltrate a drug distribution network ███████████████████████ ███████████████ Ultimately, the investigation led in a different direction, ███████████████████████. Instead, the DEA built ███████████████████████████████████████ ███████████████████████████ Mario Espino ███ ███████████████████████████████████████ ███████████████████████████████ Espino ███████ ultimately ███ indicted ███████.

The case against Espino resulted, in part, from information and assistance provided to the DEA ███████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████

───────────────
███████████████████████████████████████████████████████████████

2



Trp. Rivera called ▬▬ and arranged the first of a series of heroin ▬▬ ▬▬transactions. In three of those transactions, Trp. Rivera ultimately met with Espino to purchase what amounted to a total of 100.7 grams of heroin. ▬▬

The government's declination to disclose ▬▬ as an unindicted co-conspirator is based on the fact that Espino is not charged with conspiracy, and on the fact ▬▬

over to Espino copies of reports in which ▬▬ is identified and in which his role in the distribution of illegal narcotics is

described.

Another individual who the government has declined to disclose as an unindicted co-conspirator ███████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████, the government has not identified ███████ as an unindicted co-conspirator because the defendant is not charged with conspiracy. ███████████████████████████████████████████ ███████████████████ it has produced to Espino in discovery reports that identify ███████ and describe his activities as they relate to the events that resulted in the charges that ███████ Espino ███████████████.

During the course of the investigation of ███████ Espino's drug distribution activities, the DEA showed ███████ a photo array containing photographs of ███████ Espino, among others. ███████ identified ███████ picture, but did not indicate that he recognized Espino's photograph. ███████ failure to identify Espino in the photo array is not surprising. During the course of the investigation, law enforcement agents never saw ███████ with Espino and never heard him mention Espino.

4

In response to the defendant's present motion, the DEA inquired of ▆▆▆ whether he knew Mario Espino. ▆▆▆ said that he did not know that name. When told that Espino is ▆▆▆ associate, ▆▆▆ said that he might have seen him around and suggested that if he looked at a picture, he might recognize the face. As is indicated above, ▆▆▆ previously was presented with a photo array containing Espino's picture and did not indicate that he recognized him.

In March of 2003, DEA agents showed the same photo array to a cooperating witness ▆▆▆ who also identified the photo of ▆▆▆ but failed to identify the photo of Espino. ▆▆▆ failure to identify Espino in the photo array similarly was unremarkable. ▆▆▆ did not mention Espino during his proffer. The agents involved in the investigation of the present case against Espino have no information indicating the Espino was involved in ▆▆▆ nor did Espino's name come up during the course of the investigation of ▆▆▆

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

As a result of the information summarized above, in a letter dated August 3, 2004, the government stated the following in response to a discovery request from the defendant:

> The government has produced the identification information and materials that it is required to produce under Local Rules 116.1(C)(1)(f) and (C)(2), and 116.2(A) and (B). Two cooperating witnesses who were shown photo arrays containing your client's photograph failed to identify your client. The government has no reason to believe that either of those two witnesses knew your client or that either of them was a percipient witness to any of the offenses alleged in the Indictment. Accordingly, the government does not believe that any information about those identifications is discoverable under Fed. R. Crim. P. 16, or Local Rules 116.1 or 116.2. To the extent that such information is discoverable, the government declines to produce that information pursuant to Local Rule 116.6.

The government's position remains unchanged despite the defendant's current motion.

**ARGUMENT**

On or about August 18, 2004, the defendant filed his Motion To Compel Disclosure of Unindicted Co-Conspirators and Any Other Unnamed Cooperating Witnesses seeking "the names of any unindicted co-conspirators and any other unnamed cooperating

---

[2]In response to the defendant's current motion, the government made inquiry of the prosecutor and the DEA special agent handling the ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Neither of those individuals knew Mario Espino, nor to their knowledge did his name arise during the course of their investigation.

6

witnesses who attempted to make an identification of him" pursuant to Local Rules 116.1(C)[1](e) and (f). Because the defendant sets forth no basis for his motion for the disclosure of the identities of unindicted co-conspirators, the government will confine its argument in response to his request for the names of "witnesses who attempted to make an identification of him."[3]

As an initial matter, the government disputes the defendant's contention, raised in paragraph 3 of his motion, that "[o]ne of the primary issues in this matter is the identification fo the defendant as the perpetrator of the offenses alleged in the indictments." The defendant met with an undercover officer, Trp. Rivera, on three occasions and sold the officer illegal narcotics in face-to-face transactions. His identity was confirmed by that officer, who went to the Registry of Motor Vehicles and looked at the photograph of the defendant on record. That same officer also identified the defendant in a photo array that he viewed later. Trp. Rivera also was present at the time the defendant was arrested and again identified him as the individual who sold him illegal narcotics. Furthermore, and most

---

[3]Local Rule 116.1(C)(1)(e) requires that the government disclose to the defendant "the name of any person asserted to be a known unindicted coconspirator" but only "*[a]s to each conspiracy charged in the indictment.*" (emphasis added). Here, the defendant is not charged with a conspiracy, so Local Rule 116.1(C)(1)(e) simply does not apply.

importantly, the defendant, upon his arrest and after having been advised of his Miranda rights, viewed the videotape recording of Trp. Rivera's undercover purchase of 51.2 grams of heroin on May 13, 2003, and identified himself as the person depicted in the videotape. The defendant's identity as the individual who met with and sold illegal narcotics to Trp. Rivera on three separate occasions is not truly at issue in this case.

Even if identity were legitimately at issue in this case, the identities and other information about the government's cooperating witnesses who failed to identify the defendant in photo arrays is not discoverable under the Local Rules. Local Rule 116.1(C)(1)(f)(i), which governs this issue, states that the government must disclose in automatic discovery "[a] written statement whether the defendant was a subject of an investigative identification procedure used *with a witness the government anticipates calling in its case-in-chief* involving a . . . photospread or other display of an image of the defendant." (emphasis added). As is noted above, the government does not intend to call ▓▓▓▓▓▓▓▓ in its case-in-chief against the defendant. Thus, the disclosure requirement of Local Rule 116.1(C)(1)(f)(i) does not apply here.

The identities of the cooperating witnesses and their failure to identify the defendant in photospreads similarly is not discoverable under Local Rule 116.2 or Brady because the

8

information is not exclupatory. Under <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963), the government must produce evidence favorable to a defendant that is material either to guilt or punishment. Evidence is material if there is a reasonable likelihood that it might affect the outcome of the trial. <u>U.S. v. Bagley</u>, 473 U.S. 667, 674-75 (1985). Here, the information in question not only is not material or exculpatory, it is irrelevant. Whether or not a cooperating witness, who does not know the defendant and who the government does not intend call to testify at trial, was able to identify the defendant in a photo array is totally irrelevant to the case and, therefore, likely would be inadmissible at trial. The question of who met with and sold drugs to Trp. Rivera on the dates charged in the Indictment will be answered through the testimony of Trp. Rivera, who did identify the defendant at the RMV and in the photospread, through the videotapes of the transactions, and through the defendant's own admission. That testimony will not be diminished by the admission of evidence that two cooperating witnesses viewed photospreads containing the defendant's picture and failed to identify him, particularly where the evidence also will show that they did not know him and were not involved in the drug transactions that make up the basis for the charges against the defendant. Evidence that would be irrelevant and inadmissible at trial cannot be material or exculpatory. It, therefore, is not

discoverable pursuant to Local Rule 116.2 or Brady and its progeny.

## CONCLUSION

For the reasons discussed above, the government respectfully requests that the defendant's motion to compel disclosure be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
Thomas J. O'Connor, Jr.
Assistant U.S. Attorney

Dated: August 27, 2003

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served upon the person listed below a <u>redacted</u> copy (attached) of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Atty. Elaine M. Pourinski
13 Old South Street
Northampton, MA 01060

    This 27th day of August, 2004.

_____
Thomas J. O'Connor, Jr.
ASSISTANT U.S. ATTORNEY