UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 04-30020-MAP |
| | ) | |
| MARIO ESPINO, | ) | |
| Defendant. | ) | |

**FINAL STATUS CONFERENCE REPORT
PURSUANT TO LOCAL RULE 116.5(A)**

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, Thomas J. O'Connor, Jr., Assistant United States Attorney, and Elaine Pourinski, Esq., counsel for Mario Espino, hereby submit the following status report pursuant to Local Rule 116.5(A) and Magistrate Judge Neiman's written order.

1. The parties agree at this time that this case does not require relief from the timing requirements imposed by Local Rule 116.3.

2. The defendant requests discovery concerning expert witnesses under Fed.R.Crim.P. 16(a)(1)(E). The government requests reciprocal discovery pursuant to Fed.R.Crim.P. 16(B)(1)(C). The government also has requested notice of whether the defendant intends to rely upon an alibi defense (pursuant to Fed. R. Crim. P. 12.1), an insanity defense (pursuant to Fed. R. Crim. P. 12.2), and/or a defense of public authority (pursuant to

1

Fed. R. Crim. P. 12.3). Accordingly, the parties agree that it is appropriate for the Court to establish dates for response by the parties.

3. The parties anticipate that no additional discovery will be provided by the government as a result of the future receipt of information, documents, or reports of examinations or tests. The government has declined, pursuant to L.R. 116.6, to provide information about any unindicted co-conspirators. A copy of the government's letter to defendant's counsel setting forth that declination previously was filed with the court. The defendant has filed a motion to compel disclosure, to which the government has provided an *in camera* response. On September 13, 2004, the defendant filed a Motion for Discovery of Drug Evidence and To Allow Defendant's Expert To Weigh and Analyze the Drugs. The government has not yet responded to that motion.

4. The parties agree that it would be premature to establish a schedule under Fed. R. Crim. P. 12(c) for the filing and disposition of pretrial motions at the present time.

5. The parties agree that the following periods of time are excludable from the Speedy Trial Act:

    a. the period of time from June 24, 2004, the date on which the defendant filed his discovery request letter, through July 1, 2004, the date on which the government filed its response, pursuant to 18 U.S.C. § 3161(h)(8)(A) and L.R. 116.3(A) and 112.2(A)(3);

    b. the period of time from July 15, 2004, the date on

      which the defendant filed his second discovery request letter, through July 29, 2004, which is fourteen days from the date of the filing of the defendant's request, pursuant to 18 U.S.C. § 3161(h)(8)(A) and L.R. 116.3(A) and 112.2(A)(3); and

    c.    the period of time from August 18, 2004, the date on which the defendant filed his Motion To Compel Disclosure of Unindicted Co-Conspirators and Any Other Unnamed Cooperating Witnesses, through such date as the court rules on that motion, pursuant to 18 U.S.C. § 3161(h)(1)(F).

The parties agree that a total of thirty-four days will have elapsed under the Speedy Trial Act as of the time of the Final Status Conference on September 15, 2004, and request that the Court issue an order indicating that the time periods described in the subparagraphs above are excludable pursuant to the Local Rules and 18 U.S.C. § 3161.

6.    The parties anticipate that a trial will require approximately four trial days.

7.    The parties agree that the scheduling of a final status conference would be appropriate at this time.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

By:   /s/ Thomas J. O'Connor, Jr.
                              Thomas J. O'Connor, Jr.
                              Assistant U.S. Attorney

                                                                                     _____
Elaine Pourinski, Esq.
Counsel for Mario Espino

Dated: September 13, 2004