UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CRIM NO. |
| | ) |
| | ) VIOLATIONS: |
| | ) |
| v. | ) 21 U.S.C. § 841 – Distribution |
| | ) of Heroin (Counts One – Three) |
| | ) |
| | ) 18 U.S.C. § 2 – Aiding and |
| | ) Abetting (Counts One – Three) |
| MARIO ESPINO, | ) |
| | ) 21 U.S.C. § 853(a) – |
| Defendant. | ) Forfeiture |

## SUPERSEDING INDICTMENT

The Grand Jury charges;

<u>Count One</u>:   Title 21, United States Code, Section 841(a)(1), Distribution of Heroin; Title 18, United States Code, Section 2, Aiding and Abetting

1. On or about March 7, 2003, in Springfield, Massachusetts,

**MARIO ESPINO**

defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

<u>Count Two:</u>    Title 21, United States Code, Section 841(a)(1), Distribution of Heroin; Title 18, United States Code, Section 2, Aiding and Abetting

1.  On or about March 26, 2003, in Springfield, Massachusetts,

**MARIO ESPINO**

defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

<u>Count Three:</u>   Title 21, United States Code, Section 841(a)(1), Distribution of Heroin; Title 18, United States Code, Section 2, Aiding and Abetting

1. On or about May 13, 2003, in Springfield, Massachusetts,

**MARIO ESPINO**

defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

**FORFEITURE ALLEGATIONS**

**Title 21, United States Code, Section 853, Criminal Forfeiture**

1. The allegations of Counts One through Three of this Indictment are hereby repeated and incorporated herein by reference for the purpose of alleging forfeiture to the United States under Title 21, United States Code, Section 853.

2. Upon conviction on Counts One through Three hereof, the defendant **MARIO ESPINO** shall forfeit to the United States (1) any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of said violations, and (2) any of the defendant's property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations, making all such real and/or personal property subject to forfeiture to the United States of America, pursuant to Title 21, United States Code, Section 853(a)(1), (a)(2), and (d).

If any of the property subject to forfeiture to the United States of America pursuant to Title 21, United States Code, Section 853(a), as a result of any act or omission of any of the above-named defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of the

4

        Court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of the defendant, such property being known and unknown to the Grand Jury, up to the value of any property described in the previous paragraphs of this Count, pursuant to Title 21, United States Code, Section 853(p).

    All pursuant to Title 21, United States Code, Section 853(a).

**SENTENCING FACTORS**

The Grand Jury further finds that:

1. The offense described Count One of this Superseding Indictment involved 19.6 grams of a mixture or substance containing heroin;

2. The offense described Count Two of this Superseding Indictment involved 29.9 grams of a mixture or substance containing heroin; and

3. The offense described Count Three of this Superseding Indictment involved 51.2 grams of a mixture or substance containing heroin.

Accordingly, U.S.S.G. § 2D1.1(c)(7) is applicable to this case.

A TRUE BILL,

_____
FOREPERSON OF THE GRAND JURY

_____
THOMAS J. O'CONNOR, JR.
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS:

  Returned into the District Court by the Grand Jurors and filed on September 30, 2004.

_____
DEPUTY CLERK OF THE COURT