## AFFIDAVIT

COMMONWEALTH OF MASSACHUSETTS  )
                                ) ss
COUNTY OF NORFOLK               )

Re: United States v. Mario Espino

I, Harvey M. Cohen, do depose and state:

1. I live at 50 Hancock Road, Needham, Massachusetts. I am a consultant in chemistry and industrial hygiene.

2. I have an A.B. in chemistry from Harvard and a Ph.D. in chemistry from the Massachusetts Institute of Technology. I am certified by the American Board of Industrial Hygiene in the Chemical Aspects of Industrial Hygiene. A copy of my C.V. is included as Appendix A.

3. I have been retained by Elaine Pourinski, Esquire to verify the weight of drugs involved in the above matter.

4. I have been retained on many other instances to examine and to verify the weight of drugs alleged in other cases, pending in both federal and state courts. These drugs have included, inter alia, cocaine and heroin.

5. Within the past year, I have examined and weighed drugs in two federal cases, including U.S. v. Carmelo Rodriguez and U.S. v. Pierre Desarmes (Docket No. 02-cr-10344-JLT). In both cases, I weighed the drugs in the presence of a United States Agent. In the matter of U.S. v. Carmelo Rodriguez, I examined and weighed the drugs at the FBI offices in Center Plaza, Boston in the presence of a Special Agent. In the matter of U.S. v. Pierre Desarmes, I examined and weighed the drugs at a DEA office in the JFK Building in Boston. In one instance I found a marked difference in weight of one exhibit from that alleged. This was attributed to misidentification of the exhibits. In the other case I found a substantially lower weight than that weight alleged by the government. No explanation was offered and my results were presented in court.

6. I do not have a DEA number that would allow me to take possession of controlled drugs.

7. In neither of the federal cases cited above or in the many state cases in which

1

I have examined and weighed drugs has the lack of a DEA number prevented me from examining and weighing the drugs. This is because I never take possession of the drugs. The drugs are presented to me in heat-sealed bags. At no time am I left alone with the drugs. An agent of the government (special agent, chemist, etc.) presents the drugs to me and is with me the entire time I am in the presence of the drugs. I open the bags and weigh the samples. When finished, I return the evidence to the agent, who heat-seals them as appropriate. Typically, I bring my own supplies, including balance and weighing implements. I am given a table or bench with access to an electrical outlet.

8. In certain cases, it is necessary that a dry weight of the drugs be determined. This is because the drugs can pick up moisture on standing. To determine a dry weight of the sample, I remove and weigh an aliquot of the drugs in a small weighing dish. I then transfer the dish containing the drug to a small desiccator, which I bring with me. I leave the desiccator with the agent, who provides for safe storage until my return in 1-2 weeks at which time I reweigh the dish to establish the loss of weight due to moisture. In a recent case involving heroin, I have found a loss in weight of approximately 3.7%. A similar loss of weight in this case would suggest a reasonable likelihood that the drug when seized weighed less than 100 grams.

9. I have at no time been denied access to controlled drugs for purposes of examination and weighing on behalf of a defendant in a criminal matter, due to my lack of a DEA number.

10. In the State cases, the drugs were either located in a State laboratory or brought to the laboratory for my examination. In Federal cases, the drugs were either located or brought to an office in Boston, although the analysis and weighing of the drugs was done at a facility in New York.

Signed Under Penalties of Perjury this 26th day of October 2004.

*Harvey M. Cohen*

Harvey M. Cohen

2